UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOCKET & FILE

------------------------------------------------------------x

CHRISTOPHER W. RIVERA,

          Plaintiff,

**MEMORANDUM AND ORDER**
09-CV-2928 (KAM)

-against-

THE CITY OF NEW YORK; NYC POLICE
DEPARTMENT; ADAM SEERY, In His Personal
Capacity and as a Detective of NYC Police
Department; RICHARD ORTIZ, In His Personal
Capacity and as an Investigator of NYC Police
Department; FRANK TOSCANO, In His Personal
Capacity and as a Detective of the NYC Police
Department; RICHARD DOE AND JOHN DOE,
In Their Personal Capacities and as Officers of
NYC Police Department,

          Defendants.

------------------------------------------------------------x

MATSUMOTO, United States District Judge.

Plaintiff Christopher W. Rivera, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims against The City of New York and the New York City Police Department are dismissed. Plaintiff's remaining claims shall proceed.

## BACKGROUND

Plaintiff was arrested on April 2, 2009, at his residence located at 81 Jersey Street, Apt. 5E, Staten Island, New York. Compl. at 3, ¶ 14. Plaintiff alleges *inter alia* that he was falsely arrested, falsely imprisoned and maliciously prosecuted, and that the charges against him were dismissed on April 3, 2009. Compl. at 4, 7, 8, 9. Plaintiff further states that "[i]n making the

1

arrest and imprisonment, defendants verbally and physically h[arassed] and assaulted the plaintiff . . .." Compl. at 8, ¶ 40. Plaintiff also states that while he was being held, "defendants deprived [him] of food, water, sleep and the opportunity to communicate with his relatives . . .." Compl. at 15, ¶ 74. Plaintiff seeks monetary damages. Compl. at 17.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, - - , 127 S.Ct. 2197, 2200 (2007). See also Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

### Claims Against The City of New York and NYPD

A municipality, such as the City of New York, can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). The doctrine of *respondeat superior* cannot be used to establish municipal liability. Richardson v. Nassau County, 277 F. Supp. 2d 196, 204 (E.D.N.Y. 2003)(citing Board of County Comm'rs. of Bryan County v. Brown, 520 U.S. 397, 404-05 (1997)). Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any City employee are attributable to a municipal policy or custom. Thus, plaintiff has not made the requisite showing that would confer Monell liability on the City of New York.

In addition, the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. The New York City Police Department, as an agency of the City, consequently, is a not a suable entity. Lauro v. Charles, 219 F.3d 202, 205 n. 2 (2d Cir. 2000); McCray v. New York City Police Dep't, 2008 WL 207845, at *1 (E.D.N.Y., Jan. 24, 2008); Davis v. Lynbrook Police Dep't, 224 F.Supp.2d 463, 477 (E.D.N.Y. 2002); Bailey v. New York City Police Dep't, 910 F.Supp. 116, 117 (E.D.N.Y.1996).

## CONCLUSION

Accordingly, plaintiff's claims against the City of New York and the New York City Police Department are dismissed. No summons shall issue as to these defendants. Plaintiff's application for pro bono counsel is denied without prejudice. Plaintiff's claims against the remaining defendants shall proceed.

The United States Marshal Service is directed to serve the summons, complaint, and this Order upon the remaining defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel of the City of New York. The case is referred to Magistrate Judge Ramon E. Reyes for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
August 13, 2009

3